IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON DUTKEVITCH,  )
 )
       Plaintiff,  )
 )
   vs.  )   Civil Action No. 3:12-cv-994
 )
PITTSTON AREA SCHOOL DISTRICT,  )
 )
       Defendant.  )

O R D E R

AND NOW, this 24th day of July, 2013, upon consideration of Plaintiff Sharon Dutkevitch's Complaint, entitled her "Appeal from Hear [sic] Officer's Order # 2977 1112 KE" (Doc. No. 1), filed in the above captioned matter on May 25, 2012, and upon further consideration of Plaintiff's response to the Court's June 12, 2012 Order to file a position with the Court showing cause why the claims raised in this matter should not be dismissed (Doc. No. 8), filed on June 21, 2012,

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED, and judgment will be entered in favor of the Defendants.[1]

---

[1] The Court is acting sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after having provided Plaintiff with the opportunity to show cause why the claims raised in this case should not be dismissed. Upon consideration of Plaintiff's response, the Court has determined that amendment of her claims would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); Aruanno v. Cavanaugh, 460 Fed. Appx. 82, 84 (3d Cir. 2012).

1

Plaintiff seeks to appeal the Memorandum and Order (Doc. No. 2) entered by Hearing Officer Anne L. Carroll of the Pennsylvania Office for Dispute Resolution dismissing the claims raised by Plaintiff under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"), in an Administrative Complaint originally dated March 22, 2012, and amended on March 23, 24, and 31, 2012. This Court has jurisdiction to consider the appeal pursuant to 20 U.S.C. § 1415(i)(2).

I. **Background**

As this is the fourth federal lawsuit involving the same basic set of facts, the Court will not engage in a lengthy recitation of those facts. However, because of the complicated procedural history of the litigation pertaining to the issues raised in the Administrative Complaint, a brief review of that history is needed. Plaintiff,[2] along with her son Vincent Dutkevitch, initially filed a complaint raising issues pertaining to the Defendant in the present case, Pittston Area School

---

[2] It is not entirely clear who the parties are, either in this case, or in the administrative action. The Administrative Complaint was initially filed only by Plaintiff Sharon Dutkevitch, but, on March 31, 2012, a motion was filed in the administrative action adding her son, Vincent Dutkevitch as a party. It is not clear whether he consented to this, or even that he was aware that it was happening. In any event, the current appeal was filed only by Sharon Dutkevitch. The Court will accordingly refer to her as "Plaintiff." Likewise, the Office for Dispute Resolution hearing officer's decision lists both the Pittston Area School District and the Wilkes-Barre Area Vocational Technology School as defendants, but, in this case, Plaintiff has only named Pittston as a defendant. The Court will therefore refer to Pittston as

District, and others' alleged discrimination against Vincent in regard to access to vocational-technical programs on September 12, 2007, at Case No. CA 07-1672 in the United States District Court for the Middle District of Pennsylvania. The complaint in that case was amended multiple times, most recently on October 13, 2008, and the Third Amended Complaint was dismissed pursuant to Magistrate Judge Thomas M. Blewitt's April 8, 2009 order. The plaintiffs appealed this ruling to the Third Circuit Court of Appeals.

Shortly after their Third Amended Complaint at CA 07-1672 was dismissed, Plaintiff and her son filed a new complaint at Case No. CA 09-1041 on June 3, 2009, raising essentially the same claims. On June 11, 2009, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the plaintiffs' case at CA 09-1041 be dismissed on grounds of res judicata or, in the alternative, that the case be stayed pending resolution of the appeal of the dismissal at CA 07-1672. District Court Judge Thomas I. Vanaskie adopted the Report and Recommendation in part, staying the case until the appeal was resolved. On March 13, 2010, Plaintiff and her son filed yet another complaint based on the same facts at CA 10-690.

---

"Defendant." Regardless, the precise identity of the parties is not material to the Court's rationale for dismissing the case.

On April 16, 2010, because the complaint at CA 10-690 had named the Middle District of Pennsylvania and Magistrate Judge Blewitt as defendants, all three pending cases were re-assigned to this Court, which sits in the Western District of Pennsylvania. This Court stayed CA 10-690 pending resolution of the appeal at CA 07-1672. On September 15, 2011, the mandate was issued in that case, affirming the Middle District's order dismissing the plaintiffs' claims in their entirety. The defendants in CA 09-1041, including the Defendant in this case, sought dismissal of the claims brought there, which, as discussed, raised the same issues and were based on the same operative facts as the dismissed case at CA 07-1672, relying primarily on Magistrate Judge Blewitt's recommendation that the case be dismissed based on res judicata. The Court agreed with the defendants and dismissed the case on January 12, 2012. Similarly, the Court ordered Plaintiff and her son to show cause why the complaint at CA 10-690 should not also be dismissed on res judicata grounds. After they failed to respond, the Court dismissed the complaint in that case, as well, on February 10, 2012.

In the midst of this federal litigation, Plaintiff and/or Vincent also filed an administrative complaint under the IDEA. Although the original complaint is not part of the record, the record does indicate that it was filed on March 13, 2009. On April 6, 2009, the hearing officer dismissed the action without

4

prejudice to Plaintiff's and/or Vincent's right to re-assert their claims after the resolution of the federal litigation. As noted above, on March 22, 2012, Plaintiff filed the present Administrative Complaint, which was subsequently amended several times. On April 24, 2012, Hearing Officer Carroll issued her decision dismissing the Administrative Complaint on grounds of res judicata, and this action followed.

## II. Discussion

As noted above, this Court has jurisdiction to consider Plaintiff's appeal of the hearing officer's decision pursuant to 20 U.S.C. § 1415(i)(2). In reviewing the decision, the Court conducts a modified de novo review and must give "due weight" to the administrative proceedings. See S.H. v. State-Operated School District of Newark, 336 F.3d 260, 270 (3d Cir. 2003); Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 206 (1982). While the Court must defer to the hearing officer's factual findings unless it can point to non-testimonial extrinsic evidence in the record, see S.H., 336 F.3d at 270; Carlisle Area School v. Scott P., 62 F.3d 520, 529 (3d Cir. 1995), its review of conclusions of law is plenary. See D.K. v. Abington School District, 696 F.3d 233, 243 (3d Cir. 2012); D.F. v. Red Lion School District, 2012 WL 175020, at *1 (M.D. Pa. Jan. 20, 2012). Here, the Court is considering the hearing officer's legal determination as to the applicability of the

5

doctrine of res judicata, and, as such, review is plenary.[3]

The bulk of the claims set forth in Plaintiff's Administrative Complaint raise virtually the same exact claims, and are based on the same operative facts, as those that Plaintiff, along with her son Vincent, raised in the prior cases that were already adjudicated in this Court and in the Third Circuit at Case Nos. CA 07-1672, CA 09-1041, and CA 10-690. As discussed above, in CA 07-1672, Plaintiff and her son's claims were dismissed in their entirety on the merits, and judgment was entered on behalf of the defendants, and in CA 09-1041 and CA 10-690, the Court dismissed the complaints on ground of res judicata. Accordingly, the hearing officer found, in her April 24 decision, that the claims in the Administrative Complaint were based on the same operative facts as in those cases and were therefore barred on grounds of res judicata.

Plaintiff apparently tries to get around this issue by raising a new issue she claims was not expressly involved in the prior litigation. Specifically, she argues that she has raised a claim under the IDEA based on Defendant's failure to offer her son Vincent an individualized education program ("IEP") for the 2008-09 school year, whereas the prior litigation pertained to issues from prior school years. She seems to have raised this new claim

---

[3] Further, because it is reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the Court must draw all reasonable inferences in

in response to the opinion in I.H. v. Cumberland Valley School District, 842 F. Supp. 2d 762 (M.D. Pa. 2012), which discusses the difference between a school district's duty to provide an IEP and its duty to provide a free appropriate public education ("FAPE"). She argues that all of her prior federal complaints pertained to the issue of whether Pittston provided a required FAPE in and before the 2007-08 school year, while Vincent was enrolled in a charter school, and not whether it had a duty to provide an IEP for the following year. The Court finds no merit in her position because, despite her claims to the contrary, her claims are still barred by res judicata.

Res judicata, or claim preclusion, bars a party from bringing a subsequent lawsuit against the same party based on the same cause of action as the earlier suit. See Duhaney v. Attorney General of the United States, 621 F.3d 340, 347 (3d Cir. 2010). The doctrine gives dispositive effect to a prior judgment not only on claims raised in that previous action, but also on claims that, although not litigated, *could have been* raised in the earlier proceeding. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008); Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999). Indeed, "[t]he purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events." Churchill, 183 F.3d at 194. Application of res judicata requires

---

Plaintiff's favor. See Aruanno, 460 Fed. Appx. at 83.

the following elements to be met: (1) there must be a final judgment on the merits in a prior suit; (2) the prior suit must involve the same parties or their privies; and (3) the subsequent suit must be based on the same cause of action. See Duhaney, 621 F.3d at 347; CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999).

Here, there is no real dispute that the first two elements are met. As mentioned earlier, there is likewise no question that the third element is met as to the vast majority of the claims contained in the Administrative Complaint. The issue is whether the third element is met as to Plaintiff's claim regarding Defendant's failure to provide an IEP for the 2008-09 school year, that is, whether her claim is based on the same cause of action as her prior actions, particularly CA 07-1672. "Whether two lawsuits are based on the same cause of action turns on the 'essential similarity of the underlying events giving rise to the various legal claims.'" M.R. and J.R. v. Ridley School District, 2012 WL 3279230, at *5 (E.D. Pa. Aug. 13, 2012)(quoting Duhaney, 621 F.3d at 348). The Court must consider: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documentation required to prove the allegations are the same; and (4) whether the material facts alleged in each suit are the same. See United States v. Athlone Industries, Inc., 746 F.2d 977, 984

(3d Cir. 1984).

At the outset, the Court notes that it is not clear whether Plaintiff and her son did or did not raise IDEA issues in the Third Amended Complaint at CA 07-1672. Although none of the three counts identify an IDEA claim, the Magistrate Judge, in dismissing the Third Amended Complaint at the trial court level, found that the plaintiffs had, in large part, asserted rights cognizable under the IDEA, but further found that they had raised them under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and Article I, § 26 of the Pennsylvania Constitution. This finding was based on the statement in paragraph 1 of the Third Amended Complaint that the claims therein were authorized and presented under the IDEA. Judge Blewitt found that any injunctive relief sought by the plaintiffs under the IDEA would be dismissed based on their failure to exhaust their administrative remedies under the IDEA. However, he permitted Plaintiff and her son to seek compensatory damages, finding that they did not need to exhaust their administrative remedies to seek such damages, although these claims had actually been raised under Section 504, the ADA, and Section 1983. He ultimately dismissed all of the claims in the Third Amended Complaint. The Third Circuit, on the other hand, indicated that the plaintiffs were not specifically raising any

claims under the IDEA. Therefore, it is unclear whether Plaintiff and her son actually raised IDEA claims in the Third Amended Complaint at Case No. 07-1672.

What is clear, though, is that the claims they did raise relied on the same factual scenario on which Plaintiff now relies in the Administrative Complaint. In paragraphs 53 through 62 of the Third Amended Complaint, Plaintiff and her son set forth the facts involving Vincent's educational options for the summer of 2008 and the 2008-09 school year. These paragraphs discuss events that occurred between approximately February and April of 2008 and that included meetings regarding Vincent's IEP for the summer of 2008 and for the 2008-09 school year, West Side Area Vocational Technical School's offer for Vincent to apply for the 2008-09 school year, and Vincent's decision not to attend West Side for that year. The plaintiffs relied on these facts as part of their basis for recovery in the Third Amended Complaint. As such, they should have raised all of the claims they had arising from those facts in that case.

Although the allegations in the Third Amended Complaint did not expressly include an allegation of the denial of an IEP for the 2008-09 school year from Defendant, they did include a detailed discussion of the events of February through April of 2008 regarding Vincent's options for the following school year. Because a claim regarding the denial of an IEP from Defendant for

2008-09 during this very same time frame would be part of this same set of facts, it should have been brought in connection with those facts. Indeed, Plaintiff alleges that the denial of her son's attempt to re-enroll at Pittston so as to receive an IEP that would permit him to attend vocational-technical training occurred in March of 2008. She even references a document she filed in CA 07-1672 purporting to be a request for a court order enjoining Pittston and West Side from refusing to make enrollment materials available on March 21, 2008, demonstrating that she was aware of the issue in March of 2008. Yet, even though she and her son twice amended their complaint in that case after that date, once just days later and once seven months later, they never included any claims regarding the denial of an IEP by Defendant under the IDEA, despite the fact that they *did* amend the complaint to discuss all of the other related facts from February through April of 2008 regarding Vincent's options for the following school year at great length. Moreover, Plaintiff did not even seek administrative relief in any form until approximately one year later.

This demonstrates either that Plaintiff did not raise a claim regarding the denial of an IEP for 2008-09 from Defendant despite alleging the facts generally covering the issue of his 2008-09 educational options in the Third Amended Complaint, or that she simply failed to include the additional facts to support this

11

claim despite knowing about those facts and despite including all of the other related facts from the same time period. Either way, there is no basis for allowing Plaintiff to now bring a claim out of the facts supporting her original causes of action about which she knew long before the final amendment of her complaint in that earlier litigation. The acts pertaining to the alleged denial of the IEP for 2008-09 arose from the same facts regarding the same dispute over whether Vincent could attend a vocational-technical school, called for the same type of relief, and would have required the same general proof. Plaintiff cannot now bring a new case under these same facts even under a new legal theory. See Weber v. Henderson, 275 F. Supp. 2d 616, 620-21 (E.D. Pa. 2003)(citing CoreStates Bank, 176 F.3d at 194).[4]

The problems with allowing the piecemeal litigation requested by Plaintiff are obvious in this case. First, the Court notes that it is troubling that the position that Plaintiff now takes is

---

[4] Plaintiff's duty to exhaust her administrative remedies under the IDEA before filing suit does not change the analysis. As noted earlier, she twice amended her complaint at CA 07-1672 *after* the acts allegedly supporting a cause of action under the Administrative Complaint occurred. The second amendment, resulting in the Third Amended Complaint, was seven months after these events. Despite knowing that these facts were relevant in her pending lawsuit, she made no attempt to file an administrative complaint until a year later. As such, she made no good faith attempt to bring this claim along with the others arising from the same facts. See Gloeckl v. Giant Eagle, Inc., 2006 WL 1159339 (W.D. Pa. Apr. 28, 2006). Moreover, in any event, she seeks only compensatory damages in the Administrative Complaint (indeed, Vincent turned 21 more than eight months before she filed it), and Judge Blewitt specifically found that she was permitted to seek compensatory damages under the IDEA in CA 07-1672 despite the fact that she did not exhaust her administrative remedies.

not entirely consistent with the facts she set forth in the Third Amended Complaint. Her present claim, which appears to be an attempt to fit her and her son's case under the holding of I.M., relies on the allegation that her son attempted to re-enroll at Pittston so as to receive an IEP permitting him to attend West Side or some similar vocational-technical program, but was somehow denied. However, the Third Amended Complaint demonstrates that West Side was very much involved in the IEP proceedings at PA Cyber Charter School and that, in fact, West Side gave Vincent an application packet for the 2008-09 school year. His decision not to attend was based not on the fact that he was denied the opportunity to apply, but on the fact that he had already decided to attend the Art Institute of Pittsburgh, a decision, that, according to the plaintiffs in paragraph 53 of the Third Amended Complaint, was made at least by February of 2008 because he wanted to transition to independence through post high school education. Plaintiff's current position ignores these facts and takes the distorted position that her son had not been given the opportunity to attend West Side at all. Preventing a plaintiff from altering the facts from one case to another depending on the nature of the legal claim is one of the primary functions of the doctrine of res judicata.

Moreover, as mentioned, the Magistrate Judge in CA 07-1672 did rule on claims cognizable under the IDEA, even though raised

under different statutes. The Third Circuit, although it did not specifically adjudicate an IDEA claim, did have to analyze the IDEA in rendering its decision and found that the defendants, including Pittston, owed no duty to Plaintiff and her son under the IDEA during the relevant time period, which included March of 2008. Allowing Plaintiff to re-cast her claim as a different type of IDEA claim runs the risk of creating inconsistency with the decisions in the original case.

The Third Circuit's decision in Morgan v. Covington Township, 648 F.3d 172 (3d Cir. 2011), does not call for a different result. There, the plaintiff brought a second action based on facts that post-dated his original action only after he had been denied the opportunity to amend the complaint in the original action to include claims arising under those new facts. Here, Plaintiff and her son were permitted to, and in fact did, amend their complaint in CA 07-1672 twice after the facts on which she now relies allegedly occurred. Indeed, as the Court explained above, she specifically relied on the operative events of which those facts were part in seeking relief in the Third Amended Complaint. It was that pleading that was ultimately adjudicated by the district court and the Third Circuit. This is not a situation where the Court is finding that the plaintiffs in the prior case *should* have amended their complaint to include later-occurring facts. Rather, they *did* so amend their complaint after the relevant events,

14

twice, and still failed to raise the cause of action arising under those facts which Plaintiff now seeks to raise. As such, the facts at issue are not later-occurring from the relevant pleading, the Third Amended Complaint, in the initial action.

## III. **Conclusion**

Accordingly, the Court finds that the claims raised by Plaintiff in the present Complaint fail to state a claim upon which relief may be granted, and that the Complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[5] Moreover, because the issues in the Complaint, and the underlying Administrative Complaint, have already been adjudicated multiple times in federal court, the Court finds that amendment would be futile. Plaintiff's claims in this case are dismissed in their entirety, and judgment will be entered in favor of the Defendant.[6]

---

[5] In so finding, the Court notes that it is mindful that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

[6] Because the Court is dismissing this matter, Plaintiff's Request for Additional Evidence (Doc. No. 9) and her Motion for Judgment upon the Administrative Record (Doc. No. 11) are rendered moot. Indeed, as noted, the Court has drawn all reasonable inferences in Plaintiff's favor, even though the facts alleged are inconsistent with her prior factual contentions, and the Court therefore needs no additional evidence. The Court further notes that, even if the hearing officer should have held a hearing rather than relying on the parties' filings in the administrative action, since this Court's review was plenary, there is no need for any further analysis at the administrative level.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

cc:     Sharon Dutkevitch
        114 South Main Street Rear
        Pittston, PA   18640